Ann CATTAU, Thomas M. Beck, Linda Beckwith, Ardyth Bergstrom, Vicki Christman, Gail W. Cismoski, Kathleen A. Curtis, Janice DeMenter, John Dobbins, Elsie Evenson, Kris Grasley, Gary Haffeman, Kristine Haffeman, Kathy J. Hager, Gail Harrmann, Joann Harrell, Mary Louise Hildebrandt, Lexann Hitchcock, Jo Anne Holden, Karla M. Huston, SusanR. Johnson, Mary K. Jones, Dorothi A. Karisny, Chuck Knoeck, Lawrence H. Krebs, Diane D. Krueger, Helen L. Kurka, Judith J. Kurka Nagel, James Lantz, Jane E. Lantz, Thomas Marzahl, Mary Joy Mayer, Marjorie R. Murphy, Bruce C. Nufer, Anna P. Olson, Sharon O'Reilly, Patricia Ormston, Mark Peerenboom, Sue Peterson, James S. Piepenbrink, Anna Mae Prem, Jane Reimer, Mary J. Resch, Cynthia A. Rieck, Dianne Roth, Lucy Rumpf, Susan M. Schug, David K. Sebora, Suann M. Senso, Karla Sheehan, James Shipman, Sandra L. Smith, Robin L. Snell, Mary C. Tieman, Teresa D. Walotka, Patricia M. Waskawic, Mindy Weichmann, Susan Westphal, Vicki Wippich, Christine Wollerman, James A. Zipple and Levern J. Zwirchitz, Plaintiffs-Appellants,

v.

NATIONAL INSURANCE SERVICES OF WISCONSIN, INC., MidAmerica Administrative & Retirement Solutions, Inc., Neenah Joint School District

and Community Insurance Corporation,
Defendants-Respondents.†

Court of Appeals

*No. 2014AP1357. Submitted on briefs March 12, 2015.
—Decided April 29, 2015.*

2015 WI App 40

(Also reported in 865 N.W.2d 215.)

† Petition for Review denied August 5, 2015.

APPEAL from an order of the circuit court for Winnebago County: JOHN A. JORGENSEN, Judge. *Reversed and cause remanded with directions.*

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Charles J. Hertel* of *Dempsey Law Firm, LLP*, Oshkosh.

On behalf of the defendant-respondent, MidAmerica Administrative & Retirement Solutions, Inc., the cause was submitted on the brief of *Joseph L. Olson* of *Michael Best & Friedrich, LLP*, Milwaukee.

On behalf of the defendant-respondent, Neenah Joint School District, the cause was submitted on the brief of *Aaron J. Graf* of *Mallery & Zimmerman, S.C.*, Milwaukee.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. This case addresses federal preemption when a plaintiff has claimed damages in the form of tax consequences. Sixty-three former teachers and administrators (the Retirees) of the Neenah Joint School District filed this action alleging the District negligently represented that if they agreed to retire, they would receive ten years of payments under a 403(b)[1] plan administered by the District. The Retirees allege the District was negligent as a 403(b) plan only permits their payments to be made over five and one-half years. The Retirees allege that they suffered damages above and beyond the taxes they would have had to pay if the District had not been negligent in its

---

[1] A 403(b) plan is a type of retirement plan akin to a 401(k). *Choosing a Retirement Plan: 403(b) Tax-Sheltered Annuity Plan*, INTERNAL REVENUE SERVICE (Oct. 8, 2014), http://www.irs.gov/Retirement-Plans/Choosing-a-Retirement-Plan:-403(b)-Tax-Sheltered-Annuity-Plan.

representations and in its administration of the 403(b) plan. No one alleges that the Internal Revenue Service (IRS) committed any wrong.

¶ 2. The District argues that as this case involves taxes, federal preemption precludes the Retirees' action. The circuit court agreed and dismissed the case on the ground that this was a "tax situation" and the Retirees were required to file a claim for a tax refund directly with the IRS pursuant to 26 U.S.C. § 7422(a) (2012). We reverse as this action is not directed at any aspect of whether the federal government has "erroneously or illegally assessed or collected" a tax, *see id.*; rather, it is an action alleging a failure to exercise ordinary care in the administration of a 403(b) plan that, if proven, may entitle the Retirees to relief in state court, *see Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 82, 307 N.W.2d 256 (1981).

## BACKGROUND

¶ 3. The following facts come largely from the allegations in the amended complaint and its attachments. The District offered a retirement plan to its teachers and administrators, in part to accomplish the early retirement of long-term employees. As part of the inducement, the District represented that—if they accepted the offer—the Retirees would receive ten years of cash stipends under the 403(b) plan administered by the District. The Retirees retired from the District between 2006 and 2011. The Retirees relied on the District's representations that these stipends qualified for tax advantages under 26 U.S.C. § 403(b), including that they were free of social security and medicare (FICA) taxes and that income taxes would be deferred for a period of time. National Insurance Services of Wisconsin, Inc., and MidAmerica Adminis-

trative & Retirement Solutions, Inc.,[2] made similar representations and structured and "handl[ed]" this retirement plan for the District.

¶ 4. The IRS conducted an audit of the retirement plan and concluded that the stipends did not qualify for 403(b) tax advantages as the payment term exceeded the maximum term allowed by Treas. Reg. § 1.403(b)-4(d)(1) (2011).[3] The IRS entered into a settlement agreement with the District under which the District agreed to pay $60,000 to the federal government and the IRS agreed to treat the first five and one-half years of the plan's payments as compliant with 403(b). Following the settlement, the federal and state government assessed income taxes and interest against the Retirees for the four and one-half years' worth of stipends that fell outside of the 403(b) qualifying term, and the District sought reimbursement from the Retirees for amounts that it claimed it had paid to the IRS for the "employee share" of FICA taxes.

¶ 5. The Retirees filed this action alleging breach of fiduciary duty, breach of contract, misrepresentation, a 42 U.S.C. § 1983 violation, negligence, and unjust enrichment on the part of the District and

---

[2] For ease of discussion, we hereinafter refer to both National Insurance Services of Wisconsin, Inc., and MidAmerica Administrative & Retirement Solutions, Inc., as "MidAmerica" as the complaint does not distinguish between the actions of the companies and as National Insurance has relied on MidAmerica to represent its interests in this appeal.

[3] In their briefs, the parties differ slightly over whether the Retirees were eligible for ten years' or eight or ten years' worth of stipends under their contracts as well as whether the maximum term of eligibility for 403(b) tax advantages is five or five and one-half years. No one contests, however, that the term for stipend payments to all the Retirees exceeded the maximum allowed by the IRS for a 403(b) plan.

breach of fiduciary duty, misrepresentation, and negligence on the part of MidAmerica. Community Insurance Corporation, as the District's liability insurer, also was named in the complaint. In the complaint, the Retirees alleged that by "failing to structure the Retirement Plan as mandated for a 403(b) plan under" federal tax law and IRS rules, the District and MidAmerica has caused them to pay income taxes and interest that they otherwise would not have paid. In addition to compensatory and punitive damages, the Retirees sought a declaratory judgment that they do not owe any money to the District for the "employee share" of FICA taxes. The District and MidAmerica moved to dismiss on the ground of federal preemption as well as on other grounds. The circuit court dismissed the case on the federal preemption ground, and the Retirees appeal.

## STANDARD OF REVIEW

¶ 6. "A complaint should not be dismissed for failure to state a claim upon which relief can be granted 'unless it appears to a certainty that no relief can be granted under any set of facts that plaintiff can prove in support of his [or her] allegations.'" *Kranzush*, 103 Wis. 2d at 82. "Whether a complaint states a claim upon which relief can be granted is a question law" that we review independently. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶ 17, 356 Wis. 2d 665, 849 N.W.2d 693. In evaluating the legal sufficiency of a complaint, we accept the facts alleged in the complaint as true, but we do not add facts to construe a complaint nor do we accept the complaint's legal conclusions. *Id.*, ¶¶ 18–19.

## DISCUSSION

██

¶ 7. The circuit court dismissed eleven causes of action and a request for declaratory judgment on the sole ground that 26 U.S.C. § 7422 requires the Retirees to seek their recovery from the federal government. Section 7422(a) prohibits civil actions "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or . . . of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the" IRS. The circuit court erred as § 7422(a) does not apply to this case.

¶ 8. As we already have noted, the Retirees allege in their amended complaint that they relied on representations by the District and MidAmerica that the stipends they received in retirement were to carry certain tax advantages; that the District and MidAmerica administered and structured the retirement plan such that it did not meet those representations; and that as a result, the Retirees faced immediate demands for payments of federal and state taxes and interest that they would not have faced if the District and MidAmerica had administered and structured the plan differently. The Retirees do not make any allegations that the IRS imposed any erroneous or illegal tax.

██ ██

¶ 9. At its core, the complaint alleges that the Retirees were erroneously promised that they could avoid FICA taxes and defer income taxes by use of a ten-year payment period in the 403(b) plan that the District was charged with administering and MidAmerica was responsible for structuring. We agree

with the Retirees that this case is essentially no different than an action against an accountant who commits malpractice and whose client, as a result, incurs additional tax obligations and costs that the client would not have incurred had the accountant not been negligent in the performance of his or her duties. A plaintiff alleging negligence in such a suit must prove that the accountant failed to use the degree of care, skill, and judgment that reasonably prudent accountants would exercise under like or similar circumstances. *See, e.g.,* Wis JI—Civil 1023.5. If a jury finds such a failure, the jury then decides whether the plaintiff has proved damages for which the negligent act is a substantial factor in causing the harm. *See A. E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 485, 214 N.W.2d 764 (1974).

¶ 10. Both the District and MidAmerica argue that the Retirees are attempting to "circumvent" federal tax law and use a state court forum to receive improper tax advantages for ten years of postemployment compensation. The District and MidAmerica miss the fundamental aspect of the amended complaint—the Retirees have not brought a suit or a proceeding "for the recovery of any internal revenue tax." *See* 26 U.S.C. § 7422(a). If they had, we would agree that § 7422 would apply. What the Retirees are alleging is that the District and MidAmerica failed to administer the retirement plan in accordance with their applicable duties, representations, and contracts, and as a result, the Retirees suffered damages. "The mere fact that the plaintiffs' damages are calculated in terms of overpaid income taxes does not necessitate the conclusion that the plaintiffs' claim must actually be one for a federal income tax refund." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir.

2007) (en banc); *see also* 22 AM JUR 2D *Damages* § 90 (2015) ("A successful party in an action for breach of contract may recover lost income tax benefits as an item of damages if the tax benefits were contemplated by the parties when entering into the contract.").

¶ 11. Simply stated, the District's and Mid-America's alleged mistakes in administering the retirement plan with a payment period that was not in compliance with the maximum period allowed for a 403(b) plan by the IRS caused damages to the Retirees. Accepting the allegations as true, the Retirees have incurred costs, interest expenses, and other damages (including state taxes) above and beyond the taxes they owe to the IRS as a result of the District's and MidAmerica's involvement with the retirement plan. The damages sustained by the Retirees as a result of the District's and MidAmerica's failure to properly abide by IRS regulations are damages between the District, MidAmerica, and the Retirees. The District and MidAmerica may not insulate their alleged wrongful conduct by unilaterally imputing their mistakes to the federal government.

¶ 12. As the only issue resolved at the circuit court level was the issue of federal preemption, we do not address any other arguments raised by the parties.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 13 NEUBAUER, P.J. (*concurring*). The plaintiffs allege in their amended complaint that the defendants wrongfully structured the 403(b) plan or that they should have adopted an alternative plan. They concede, however, that the IRS properly assessed income taxes and interest against them and the school district under the plan adopted. They state that they

have paid all amounts owed to the IRS and do not seek a refund from the IRS, and thus concede they have no claim for those amounts against the defendants, again, under the plan adopted. Rather, the plaintiffs seek compensatory damages, arising from defendants' negligent representations and administration of their retirement plan—including perhaps taxes and interest they would not otherwise have had to pay. They also seek damages associated with their retirement and financial decisions made in reliance upon the defendants' representations and administration of the plan. As the majority concludes, these claims are not tax refund claims, seeking recovery of taxes wrongfully collected by the government or the tax collector employer under applicable tax law, that would be preempted under 26 U.S.C. § 7422 (2012).

¶ 14 *Davidson v. Henkel Corp.*, No. 12–cv-14103, 2013 WL 3863981 (E.D. Mich. July 24, 2013) (*Henkel I*, ruling on motion to dismiss), 2015 WL 74257 (E.D. Mich. Jan. 6, 2015) (*Henkel II*, ruling on summary judgment), a case involving the alleged wrongful administration of a retirement plan, provides guidance as to which claims may move forward without the prerequisite of proceedings before the IRS under 26 U.S.C. § 7422. Henkel decided to retire after discussing his options with the plan administrator, after which it was determined that taxes had not properly been withheld pursuant to the Federal Insurance Contributions Act (FICA), 26 U.S.C. §§ 3101–3128 (2012). *Henkel I*, 2013 WL 3863981, at *1. Henkel's employer paid the FICA tax due and adjusted retirees' benefits to recoup the payment. *Id.* at *2. Henkel sued, alleging violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (2012). *Henkel I*, 2013 WL 3863981, at *2. Among other

534

arguments, the employer contended that Henkel's suit was barred by 26 U.S.C. § 7422, maintaining Henkel's entire suit was for a "tax refund in disguise." *Henkel I*, 2013 WL 3863981, at \*4. The district court rejected this characterization.

> Defendants have misconstrued the nature of Plaintiff's claims, which do not seek to recover a tax refund based on improperly withheld FICA taxes. Contrary to Defendants' argument, Plaintiff does not allege that his taxes were "erroneously or illegally assessed or collected" nor that penalties were "collected without authority." Plaintiff concedes that the FICA taxes were properly assessed and collected and he has no claim for a tax refund. Plaintiff's claims therefore rest on his allegations that Defendants failed to properly withhold his FICA taxes upon his retirement in 2003 resulting in the loss of the benefit of the non-duplication rule and a decrease in his promised retiree benefits.
>
> . . . .
>
> . . . Similarly, Plaintiff's claims are not implicated by § 7422 because Plaintiff does not allege any wrongdoing on the IRS's part, thus it is not alleged that the IRS erroneously collected FICA taxes . . . in accordance with the special timing rule resulting in a decrease to his promised retiree benefits . . . . Plaintiff is not challenging Defendants' withholding of FICA taxes, rather he is challenging their failure to follow the special timing rule resulting in a reduction to his benefits. Therefore, § 7422 does not bar Plaintiff's claims.

*Id.* at \*4–5 (citations omitted). As the court further explained in its decision on summary judgment:

> [T]he Plaintiffs have repeatedly focused on *how* the FICA issue arose, arguing that it was a result of Defendants breaching their obligations under the

535

Plan. Defendants attempt to frame this case as one solely about the handling of taxes after the FICA issue arose.

> . . . This case is not about how Defendants resolved the FICA issue *after* it arose, but instead about how the FICA issue came about in the first place. Intrinsically, this case is not about taxes, but is instead about Defendants' administration of the Plan.

*Henkel II*, 2015 WL 74257, at *3 (emphasis in original).[1] *See also Childers v. New York & Presbyterian Hosp .*, 36 F. Supp. 3d 292, 303–04 (S.D.N.Y. 2014); *McMaster v. Coca-Cola Bottling Co. of Cal.*, 392 F. Supp. 2d 1107, 1112–13 (N.D. Cal. 2005).

¶ 15. Factually, our case is on all fours with *Henkel*, and the result is the same. The plaintiffs' allegations are not about taxes wrongfully withheld under applicable tax law, but about whether the plaintiffs' damages, including taxes and interest that would not otherwise be paid under applicable tax law, were caused by defendants' representations and administration of the plan. Therefore, the claims are not preempted under 26 U.S.C. § 7422.

¶ 16. As the majority states, the only issue decided here is that preemption does not bar the plaintiffs' claims that do not seek tax refunds, as the circuit court addressed preemption only. We do not address the defendants' arguments that the complaint should

---

[1] *Henkel II* refers to plaintiffs in the plural while *Henkel I* uses the singular because in *Henkel I* the class of plaintiffs had not yet been certified. *See Davidson v. Henkel Corp.*, No. 12–cv–14103, 2013 WL 3863981, *1 & n.1 (E.D. Mich. July 24, 2013) (*Henkel I*, ruling on motion to dismiss), 2015 WL 74257, *1 (E.D. Mich. Jan. 6, 2015) (*Henkel II*, ruling on summary judgment, noting that class was certified on September 29, 2014).

be dismissed on other grounds, such as failure to state a claim, nor do we decide on this motion to dismiss whether other tax beneficial plans were available under applicable tax law given the multiyear income stream.